581 F.2d 697
 Georgia WHITE, as Guardian ad Litem for Florence Red Dog, an
Incompetent Person, et al., Appellees,
v.
Joseph CALIFANO, Jr., etc., et al., Appellants.
Georgia WHITE, as Guardian ad Litem for Florence Red Dog, an
Incompetent Person, Appellant,
v.
Joseph CALIFANO, Jr., etc., et al., Appellees.
 Nos. 77-1877, 77-1895.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1978.
Decided July 10, 1978.
Rehearing and Rehearing En Banc Denied Aug. 22, 1978.
 
 Miriam R. Eisenstein, Atty., Dept. of Justice, Washington, D.C. (argued), David Vrooman, U.S. Atty., Sioux Falls, S.D., Drew S. Days, III, Asst. Atty. Gen., and Walter W. Barnett, Atty., Washington, D.C., on brief for appellant, Dept. of Justice.
 Anita Remerowski, South Dakota Legal Services, Mission, S.D. (argued), and Terry Pechota, Mission, S.D., on brief for appellee, Georgia White.
 Mark V. Meierhenry, Vermillion, S.D. (argued), and William J. Janklow, Atty. Gen., Pierre, S.D., on brief, for appellee, Kneip.
 Mario Gonzalez, Martin, S.D., on brief of amicus curiae, Oglala Sioux Indian Tribe.
 Before GIBSON, Chief Judge, and HEANEY and BRIGHT, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case presents the question whether the United States or the State of South Dakota must pay for emergency inpatient mental health care provided to Florence Red Dog, an indigent member of the Oglala Sioux Tribe residing on the Pine Ridge Indian Reservation in South Dakota. Because of severe mental illness, Ms. Red Dog was involuntarily hospitalized at the South Dakota Human Services Center, a state mental hospital. The state and the federal government disagree as to which should pay for the care. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, in an opinion reported at 437 F.Supp. 543 (D.S.D.1977), held that the responsibility for care and payment rests with the United States. We affirm.
 
 
 2
 In deciding this case brought by Georgia White, as guardian ad litem for Ms. Red Dog, Judge Bogue rested his decision primarily on two straightforward principles. First, the State of South Dakota lacks the power to initiate and carry out involuntary commitment procedures of a mentally ill Indian residing upon an Indian reservation; therefore, the law imposes no duty on the state to provide mental health care for Ms. Red Dog. The district court said:
 
 
 3
 This Court therefore concludes, on the basis of Williams v. Lee (358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959)) and its progeny, that the state and county defendants in this case have no power to initiate or carry out the procedures for the Involuntary commitment of an allegedly mentally ill Indian person who resides in Indian country. The concept of tribal sovereignty, diluted though it may be, cannot coexist with the process and act of involuntary commitment by the power of the state under the circumstances presented in this case. (437 F.Supp. at 550.)
 
 
 4
 Second, because Ms. Red Dog lacks an alternative source of health care, federal policy as reflected by legislative and administrative action places responsibility for providing the necessary care upon the United States. The United States cannot evade that responsibility by insisting that the State of South Dakota assume the primary burden of providing care for Ms. Red Dog and relegating its own obligation to that of "residual supplier." The district court wrote:
 
 
 5
 We think that Congress has unambiguously declared that the federal government has a legal responsibility to provide health care to Indians. This stems from the "unique relationship" between Indians and the federal government, a relationship that is reflected in hundreds of cases and is further made obvious by the fact that one bulging volume of the U. S. Code pertains only to Indians.
 
 
 6
 It matters not at this juncture whether the federal government is called a residual supplier or a primary supplier of services. We determined earlier in this opinion that the State of South Dakota has no jurisdiction to involuntarily commit Florence Red Dog. The question then became, not whether the federal defendants are residual or primary suppliers, but whether they can abandon Florence Red Dog entirely. We hold here that they cannot abandon her if she requires involuntary commitment. The federal defendants are free to call themselves "residual suppliers" if that fits in better with their policy statements, but where the state cannot act, they must. (Id. at 555.)
 
 
 7
 In affirming, we adopt the district court's statement of facts and its reasoning as applied to the conclusions quoted above. Although the parties have presented other issues related to this question, we find it unnecessary to address them.
 
 
 8
 We also agree with the district court's denial of plaintiff's motion to certify the action as a class action.
 
 
 9
 Affirmed.